**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4015**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

GERALD A. SWIGER,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00044-IMK-MJA-1)

———————

Submitted: January 18, 2017      Decided: February 3, 2017

———————

Before MOTZ, KING, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Katy J. Cimino, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald A. Swiger appeals his conviction of being a felon in possession of a firearm. See 18 U.S.C. § 922(g) (2012). Pursuant to a conditional guilty plea, Swiger challenges the district court's denial of his motion to suppress physical evidence discovered as a result of a frisk. He argues that the evidence did not justify the investigatory stop or the subsequent frisk.

In considering the denial of a motion to suppress, we review a district court's findings of fact for clear error and its legal determinations de novo. United States v. Elston, 479 F.3d 314, 317 (4th Cir. 2007). We view the facts in the light most favorable to the prevailing party, here the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

After thoroughly reviewing the record, the parties' briefs, and the controlling legal authority, we conclude that the district court did not err in denying Swiger's suppression motion. The court correctly determined that the investigatory stop was proper because there was reasonable suspicion that Swiger was engaging in criminal conduct, namely, trespassing. The court also correctly determined that, given the totality of the circumstances, there was reasonable suspicion that Swiger was armed and dangerous, justifying a frisk of his person. We note that our en banc decision in United States v. Robinson, No.

2

14-4902, 2017 WL 280727 (4th Cir. Jan. 23, 2017) (en banc), precludes Swiger's reliance on the panel opinion in that case.

Accordingly, we affirm for the reasons stated by the district court. <u>See</u> <u>United States v. Swiger</u>, No. 1:15-cr-00044-IMK-MJA (N.D. W. Va. July 17, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>